### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| **SHELLY FATHNAUER,** ) | |
| ) | |
| **Plaintiff,** ) | **Case: 2:24-cv-02168** |
| ) | |
| **v.** ) | |
| ) | |
| **BOB RIDINGS LINCOLN, INC.,** ) | |
| ) | |
| **Defendant.** ) | **Jury Trial Demanded** |
| ) | |

### COMPLAINT

Plaintiff, c ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Bob Ridings Lincoln, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2.    Additionally, Plaintiff brings this action seeking redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII") for Defendant's unlawful discrimination based on Plaintiff's religion and harassment on the basis of Plaintiff's religion.

### JURISDICTION AND VENUE

3.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

4. Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

6. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Shelly Fathauer, resides in Macon County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Bob Ridings Lincoln, Inc., is an entity doing business in and for Macon County whose address is 3103 North 22nd Street, Decatur, Illinois 62526-2105.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4) and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

11. During the applicable limitations period, Defendant has had at least fifteen employees.

12.     During the applicable limitations period, Defendant has been an "employer" as defined by ADA and Title VII, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**BACKGROUND FACTS**

13.     Plaintiff was hired by Defendant as a porter on or around April 12, 2024.

14.     Plaintiff's essential job duties included but were not limited to running errands and cleaning the office.

15.     Plaintiff suffers from influenza, pneumonia, Chronic obstructive pulmonary disease and Hypoxemic respiratory failure.

16.     Because of Plaintiff's medical conditions, she experiences shortness of breath, coughs, and is sensitive to chemicals.

17.     Plaintiff is a "qualified individual" as defined under the ADA.

18.     Plaintiff is also a member of a protected class due to her religion, Christianity.

19.     On or about March 12, 2024, Plaintiff suffered an intense disability-related flare-up that resulted in a hospitalization on or about March 14, 2024.

20.     Later that same month when Plaintiff went to collect a disability form that she had to sign-up for from Defendant, Plaintiff had a conversation with the owner, Jason Grischow.

21.     When Plaintiff mentioned her religion and faith as a main reason for her pulling through a frightening flare-up, Jason immediately took issue with her comments, and told her that no higher power was responsible for Plaintiff getting better.

22.     Jason clearly had an issue with Plaintiff's religion as this had not been the only occurrence where he reacted negatively towards Plaintiff's religion.

23.     Earlier that month, Plaintiff's brother, who was also an employee at the time, informed Plaintiff that Jason believed Plaintiff was "delusional" and needed a "psyche evaluation" before returning to work because Plaintiff was religious.

24.     On or about April 12, 2024, Plaintiff informed Defendant that due to her disability flare-up still causing issues, Plaintiff could not return yet.

25.     Rather than engage in the process to come up with a solution, Jason informed Plaintiff of her termination and failed to disclose any reason.

26.     Plaintiff was terminated due to her religion and disability.

27.     Plaintiff was terminated soon after she brought up that her disability-related flare-up was still causing her issues and the need for an accommodation.

28.     Defendant effectively denied Plaintiff's request for reasonable accommodation by terminating her employment.

29.     Therefore, Defendant did not engage with Plaintiff in an interactive process to determine the appropriate accommodation as required by the ADA.

30.     Ultimately, on or about April 12, 2024, Plaintiff was terminated on the basis of Plaintiff's religion and disability while engaging in protected activity as described above.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

31.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

32.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

4

33.    Plaintiff met or exceeded performance expectations.

34.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

35.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

36.    Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

37.    Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

38.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

39.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

40.    Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

41.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

42.    Plaintiff is a qualified individual with a disability.

43.    Defendant was aware of the disability and the need for accommodations.

44.    Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

45.     Plaintiff's reasonable accommodation that was requested was not an undue burden on the Defendant.

46.     Defendant did not accommodate Plaintiff's disability.

47.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

48.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>COUNT III</u>
**Violation of Americans with Disabilities Act**
**(Disability-Based Harassment)**

50.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

51.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

52.     Defendant knew or should have known of the harassment.

53.     The disability-based harassment was severe or pervasive.

54.     The disability-based harassment was offensive subjectively and objectively.

55.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

56.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

57.     As a direct and proximate result of the harassment described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### (Religion-Based Harassment)

58.    Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

59.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's religion, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

60.    Defendant knew or should have known of the harassment.

61.    The religion-based harassment was severe or pervasive.

62.    The religion-based harassment was offensive subjectively and objectively.

63.    The religion-based harassment was unwelcome.

64.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's religion, Christianity.

65.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

66.    As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Violation of the Title VII of the Civil Rights Act of 1964
### (Religion-Based Discrimination)

67.    Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

68.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's religion, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

69.     Plaintiff met or exceeded performance expectations.

70.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

71.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's religion.

72.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's religion.

73.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

74.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**COUNT VI**</u>
**Violation of Americans with Disabilities Act**
**(Retaliation)**

75.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

76.     Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

77.     During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations to tend to a flare up of her disability.

78.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

79.    In response to Plaintiff's request for accommodations, Defendant terminated Plaintiff's employment.

80.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

81.    Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

82.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

83.    As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.    Back pay with interest;

b.    Payment of interest on all back pay recoverable;

c.    Front pay;

d.    Loss of benefits;

e.    Compensatory and punitive damages;

f.    Reasonable attorneys' fees and costs;

g.    Award pre-judgment interest if applicable; and

h.     Award Plaintiff any and all other such relief as the Court deems just and

proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 19th day of July, 2024.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575 - 8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*